## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

ANTONIO PORTILLO MENDOZA, :
:
Petitioner, :
:
v. : CIVIL ACTION NO.: CV213-162
:
SUZANNE R. HASTINGS, Warden, :
:
Respondent. :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Antonio Portillo Mendoza ("Mendoza"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss Mendoza's petition. Mendoza filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Mendoza's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Mendoza pled guilty, in the United States District Court for the Western District of North Carolina, to: bank robbery and aiding and abetting that offense, in violation of 18 U.S.C. § 2113(a) & 2; armed bank robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2113(d) & 2; and using and carrying a firearm during and in relation to a bank robbery and aiding and abetting that offense, in violation of 18 U.S.C.

§§ 924(c)(1)(A)(ii) & 2. He was sentenced to a total of 114 months' imprisonment; 30 months' imprisonment for Count 1 and 2 and a consecutive term of 84 months' imprisonment for Count 3. Mendoza did not file a direct appeal.

Mendoza filed a motion, pursuant to 28 U.S.C. § 2255, in the United States District Court for the Western District of North Carolina, claiming he was threatened and coerced to commit the offenses and that he never possessed a firearm. The court ruled that Mendoza's claims were procedurally barred, and he did not demonstrate cause and prejudice to excuse such default. Further, the court determined that Mendoza failed to establish actual innocence on the basis of duress for Counts 1 and 2 and he could not do so on the basis that he did not personally possess a firearm because he admitted that his co-defendant possessed a pistol, and he is liable to the same extent as the principal. Thus, his motion was denied and dismissed.

In the instant petition, Mendoza seeks to invoke the savings clause in order to challenge the validity of his conviction and sentence as to Count 3—using and carrying a firearm during and in relation to a bank robbery. Mendoza argues that he did not admit to brandishing a firearm during the commission of the underlying robbery, and the sentencing court was without jurisdiction to find this element satisfied beyond a preponderance of the evidence. Mendoza contends this leads to the conclusion that he pled guilty to more than just possession. Mendoza asserts that he is serving an unlawful sentence in light of the United States Supreme Court's decision in Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), and that he can successfully invoke the savings clause based upon this decision. Mendoza argues that, because the act of brandishing aggravates the legally prescribed sentence range, it is an element of a

2

separate offense that must be found by the jury. Mendoza asserts that this finding by the court establishes his actual innocence. Mendoza requests that he be resentenced to 90 months' imprisonment.

Mendoza also argues that Magistrate Judge Howell was not vested with authority to conduct his Rule 11 plea hearing, thereby violating his oath of office and constituting fraud, and that his conviction is void because Howell lacked jurisdiction. Mendoza alleges ineffective assistance of counsel because his attorney failed to investigate and acknowledge the court's unlawful jurisdiction. Mendoza claims his punishment was unlawful and not authorized by Congress. Mendoza also states that he did not receive a personalized notification, in accordance with Pennoyer v. Neff, 95 U.S. 714 (1877), of the "[n]otice of a writ of attachment for an amount of money [that] has been lev[ied] against [ ] real property in the state of [ ] North Carolina and in [the] state of Georgia in accordance to due process of law, [and that] it is for these reasons the record cannot establish the jurisdiction of the tribunal or the government." (Doc. 9, p. 12). He also claims the court and prosecutor should inform him as to who "the party [is] with '[A]rticle III standing' to have initiated a case against [him] and the nature and character of that party." Id. at 13. Finally, Mendoza asserts—under the section titled: "the plaintiff in this case has no standing to sue"—that the requirement for "standing" has "no bearing upon [his] capacity to assert defenses in this court" and that his challenge "satisfies the case and controversy requirement." Id. at 14-16.

Respondent asserts that Mendoza does not meet the requirements of the § 2255(e) savings clause, as Alleyne does not retroactively apply on collateral review.

AO 72A
(Rev. 8/82)

Respondent asserts that this Court lacks jurisdiction over Mendoza's § 2241 petition and requests that it be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). "Although a prisoner may not file a second or successive § 2255 motion without permission from the court of appeals, 28 U.S.C § 2255(h), a prisoner who is otherwise barred from filing a second or successive motion to vacate may challenge his custody in a § 2241 petition [invoking the savings clause] if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention,' [as established in] 28 U.S.C. § 2255(e)." Taylor v. Warden, FCI Marianna, No. 13-13045, 2014 WL 803040, at *2 (11th Cir. Mar. 3, 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial

AO 72A
(Rev. 8/82)

correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (citation omitted) (internal quotation marks omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

"The Alleyne Court's decision to overrule Harris [v. United States, 536 U.S. 545 (2002),] was based largely on its reading of its earlier opinion in Apprendi v. New Jersey, 530 U.S. 466 [ ] (2000)." United States v. Harris, 741 F.3d 1245, 1249 (11th Cir. 2014). The Eleventh Circuit "held that the Apprendi rule does not apply retroactively."

Starks v. Warden, FCC Coleman-USP I, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013); see also Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006) ("Apprendi does not apply retroactively in the context of a 28 U.S.C. § 2241 petition."); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001) (holding that Apprendi does not apply retroactively to claims raised in a § 2255 motion). Thus, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Chester v. Warden, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity." Harris, 741 F.3d at 1250 n.3 (citations omitted).

Because Mendoza relies upon Alleyne, his claims are not based upon a retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause. Mendoza fails to prove that his prior § 2255 motion was inadequate or ineffective to test the legality of his detention and his petition cannot proceed under § 2255(e). Therefore, the Court cannot rule on the merits of Mendoza's § 2241 petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mendoza's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of April, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)